| STATE OF NORTH CAROLINA | ) | IN THE GENERAL COURT OF JUSTICE |
|---|---|---|
| COUNTY OF ORANGE | ) ) | SUPERIOR COURT DIVISION |
| Presque Isle Villas Condominium Homeowners Association, Inc., | ) ) ) | Civil Action No.: 2023-CVS-_____ |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT** (Jury Trial Demanded) |
| QBE Insurance Corporation, | ) ) | (Breach of Contract, Bad Faith, Unfair and Deceptive Trade Practices, Punitive |
| Defendant. | ) ) ) | Damages) |

NOW COMES, Plaintiff, Presque Isle Villas Condominium Homeowners Association, Inc., ("Plaintiff"), by and through their undersigned counsel, complaining of Defendant, QBE Insurance Corporation ("Defendant") and allege and say the following in support of their Complaint:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a nonprofit corporation duly organized and existing under the laws of the State of North Carolina, and at all times relevant hereto was transacting business in Orange County, North Carolina.

2. Upon information and belief, Defendant is a Pennsylvania corporation, duly recognized to transact business in the State of North Carolina, and at all times relevant hereto, was transacting business in Orange County, North Carolina.

3. This Court has jurisdiction over the subject matter of this action pursuant to, *inter alia*, Section 7A-243 of the North Carolina General Statutes.

4. This Court has personal jurisdiction over the Defendant pursuant to, *inter alia*, Section 1-75.4 of the North Carolina General Statutes.

5. This Court is the proper venue for this action pursuant to, *inter alia,* Section 1-76 of the North Carolina General Statutes.

6. Further, by virtue of the express terms of the insurance policy at issue, Defendant has consented to jurisdiction and venue of this Court.

## FACTUAL ALLEGATIONS

7. Plaintiff restates and realleges all of the allegations contained in this Complaint as if fully set forth herein verbatim.

8. Prior to July 5, 2020, and in consideration of the premiums paid to Defendant by the Plaintiff, Defendant issued its Policy No. MC 1800000017201 (the "Policy"), effective March 15, 2020 through March 15, 2021. A true and accurate copy of the Policy is attached hereto and incorporated by reference as "**Exhibit A**".

9. The Policy insures against property damage to Plaintiff's property located at 101 Presque Isle Lane, Chapel Hill, NC 37514 (the "Insured Property"), and the Policy likewise insures against loss of Hail/Wind damage. Specifically, the Policy provides coverage for the "Dwelling, including attached structures." (*See* Ex. A).

10. The Policy is an all-perils policy providing coverage for all "sudden and accidental direct physical loss to property," and covers property repairs on a full replacement cost basis, or "the whole amount of loss for property covered." (*See* Ex. A).

11. The Policy covers various types of expenses, including mitigating expenses for the reasonable and necessary costs incurred for temporary repairs to protect covered property from further imminent covered loss. (*See* Ex. A).

2

QBE    5/15/2023 2:13:57 Case 1:23-cv-00710-CCE-JLW   Document 2   Filed 08/21/23   Page 2 of 10

12. On or about July 5, 2020, the above-referenced property suffered damage from a sudden and accidental direct physical loss as a result of Hail/Wind. The Policy was in effect at the time of the loss.

13. Plaintiff promptly and timely notified Defendant of the damage to the property as a result of the loss and made a claim pursuant to the Policy. As a result, Defendant assigned an adjuster ("Adjuster") to investigate Plaintiff's claim for sudden and accidental direct physical loss. The Adjuster was authorized as Defendant's representative and agent for purposes of the claim.

14. At all times, Plaintiff made themselves and their property available to, and fully cooperated with, the Defendant and its representative and agent to inspect and investigate the damages caused by the loss.

15. Defendant, through its Adjuster, performed a site inspection of Plaintiff's property.

16. When Adjuster undertook the handling of the disposition of the claim, Adjuster incurred the duty of acting with due diligence in achieving a proper disposition of the Plaintiff's claim.

17. Defendant, through its Adjuster, grossly underestimated the scope of damages sustained to the Plaintiff's property as a result of the Hail/Wind event. Defendant failed to properly investigate the damages and estimated Plaintiff's total property damage to be $5,057.10. A true and accurate copy of the Defendant's estimate is attached hereto and incorporated by reference as **"Exhibit B"**.

18. As a result of Defendant's gross underestimation, Plaintiff requested multiple times that Defendant reconsider its position regarding Defendant's estimate. Defendant refused to comply with the Plaintiff's requests and continued to frivolously and baselessly deny any additional payment on Plaintiff's claim. Furthermore, the Defendant continued to ignore the

QBE     5/15/2023 2:13:59 PM Batch:73180969  Case 1:23-cv-00710-CCE-JLW   Document 2   Filed 08/21/23   Page 3 of 10

opinions of the Plaintiff's experts as to the extent of damage and the amount it will cost the Plaintiff to be properly indemnified for their loss.

19. Plaintiff made repeated requests for payment of the claim, including written demand sent to Defendant on May 9th, 2022 ("Written Demand"). A true and accurate copy of the Written Demand is attached hereto and incorporated by reference as "**Exhibit C**". Despite this Written Demand for $727,492.40 less previous payments, Defendant continued to frivolously deny Plaintiff's claim without just cause when, under one or more portions of the Policy, the obligation to settle the claim became reasonably clear.

20. The Plaintiff's Written Demand to Defendant was a letter of representation from Plaintiff's counsel and a formal bad faith demand. After putting Defendant on notice of a potential lawsuit, through the formal bad faith demand, the Defendant continued to deny Plaintiff's claim without just cause.

21. Defendant did not act fairly or honestly toward the Plaintiff with due regard to the Plaintiff's claim & interests when Defendant, under all of the circumstances articulated herein, failed to compensate the Plaintiff for their damages in direct breach of the terms and conditions of the Policy.

22. Plaintiff has fulfilled all conditions precedent and contractual obligations under the Policy prior to this lawsuit, or the same were waived.

23. There exists a genuine, justifiable controversy between the Plaintiff and Defendant as to whether Defendant is responsible for coverage for the replacement cost of the actual physical damage to Plaintiff's property caused by the sudden and accidental direct physical loss that occurred on or about July 5, 2020. Plaintiff has exhausted every reasonable means possible to

QBE    5/15/2023 2:14:00 Case 1:23-cv-00710-CCE-JLW   Document 2   Filed 08/21/23   Page 4 of 10

resolve this dispute with the Defendant. With no other option, Plaintiff was constrained to hire legal counsel, incurring additional expenses, and file this lawsuit.

24. Plaintiff has suffered physical damage to their property in an amount to be determined at trial.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

25. Plaintiff hereby realleges and incorporates by reference all prior allegations set forth in this Complaint.

26. Plaintiff has performed all conditions to the Defendant's obligation to perform under the Policy, including without limitation, the timely payment of premiums, timely notice of the claim, and mitigation of damages to the property, or the Defendant has waived any and all other conditions.

27. Under the terms of the Policy, Defendant is required to compensate the Plaintiff for the proper repair of all sudden and accidental direct physical losses to the Insured Property.

28. Despite Plaintiff's timely Written Demand for Defendant to pay the covered losses, Defendant continued to refuse payment on Plaintiff's claim under the terms of the Policy, which caused further delay in fully indemnifying the Plaintiff.

29. Defendant failed to act in good faith and fair dealing under the terms of the Policy by refusing to properly investigate and pay Plaintiff's claim according to the terms of the Policy.

30. Defendant used the tactic of denying compensation to the Plaintiff for their covered losses that were sustained due to the sudden and accidental direct physical loss. Further, Defendant used the tactic of delaying payment to the Plaintiff in an effort to misrepresent the language of the Policy.

QBE    5/15/2023 2:14:02 FW Batch:7818096 Case 1:23-cv-00710-CCE-JLW   Document 2   Filed 08/21/23   Page 5 of 10

31. As a result of the Defendant's denying and delaying payment on Plaintiff's claim, Plaintiff sustained additional covered losses from mitigation and temporary repairs of the direct physical damage to the Insured Property in an amount to be determined at trial.

32. Plaintiff has been damaged, and continues to suffer significant damages, as a direct result of Defendant's breaches of the respective insurance contract and failure to compensate the Plaintiff for the proper repair of all sudden and accidental direct physical losses to the Insured Property.

33. As a direct and proximate result of the Defendant's breach of the Policy, Plaintiff has been damaged in an amount in excess of Seven Hundred Twenty-Seven Thousand Four Hundred Ninety-Two and 40/100 Dollars ($727,492.40), the precise amount to be proven at the trial of this matter, including without limitation, loss in value, incidental, restitution, and consequential damages, together with interest, costs, and attorneys' fees, and other such special and exemplary damages.

## FOR A SECOND CAUSE OF ACTION
(Bad Faith)

34. Plaintiff hereby realleges and incorporates by reference all prior allegations set forth in this Complaint.

35. In handling the claim described in this Complaint, Defendant acted in bad faith amounting to willful or wanton conduct evincing a reckless disregard for the well-being of Plaintiff's Insured Property. These bad faith actions, include, but are not limited to, *inter alia*:

    a. Failing to fully and adequately investigate, study, understand or appreciate the nature and extent of the damages to Plaintiff's Insured Property;

    b. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

    c. Failing to adjust the claim properly;

QBE    5/15/2023 2:14:04 FM Batch: 2818096  Case 1:23-cv-90710-CCE-JLW   Document 2   Filed 08/21/23   Page 6 of 10

d. Failing to properly consider documentation and other information from Plaintiff in support of the claim;

   e. Compelling the Plaintiff to institute litigation to recover amounts due under the Policy by offering substantially less than the amounts to which a reasonable person would have believed it was entitled under the circumstances;

   f. Failing to utilize appropriately skilled and trained personnel to adjust and handle the claim described herein;

   g. Failing to properly manage and supervise the handling and adjustment of the claim; and

   h. Failing to exercise reasonable care under the circumstances, and being careless, willful and wanton in such other particulars not herein set forth but as shall be shown at the trial of this action.

36. The conduct of Defendant demonstrates willful and oppressive conduct and a misuse of power and authority, all tantamount to outrageous conduct and intentional and reckless disregard of Plaintiff's rights under the Policy.

37. As a direct and proximate result of the Defendant's bad faith, Plaintiff has been damaged in an amount in excess of Seven Hundred Twenty-Seven Thousand Four Hundred Ninety-Two and 40/100 Dollars ($727,492.40), the precise amount to be proven at the trial of this matter, including without limitation, loss in value, incidental, restitution, consequential and punitive damages, together with interest, costs, and attorneys' fees, and other such special and exemplary damages.

### FOR A THIRD CAUSE OF ACTION
### (Unfair and Deceptive Trade Practices; Damages)

38. Plaintiff hereby realleges and incorporates by reference all prior allegations set forth in this Complaint.

39. The actions of Defendant as generally set forth herein constituted unfair and/or deceptive trade practices under N.C. Gen. Stat. § 75-1.1. Specifically, but not limited to, violation

QBE     5/15/2023 2:14:05 PM Batch: 7818096  Case 1:23-cv-00710-CCE-JLW   Document 2   Filed 08/21/23   Page 7 of 10

of N.C. Gen. Stat. § 58-63-15 (11), which is deemed as a matter of law a violation of N.C. Gen. Stat. § 75-1.1, including the Defendant's committing and performing the following actions/inaction with such frequency as to indicate its general business practice:

a. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

c. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

d. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

e. Failing to affirm or deny coverage of claims within a reasonable time after proof-of-loss statements have been completed;

f. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

g. Compelling [the] insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured;

h. Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled;

i. Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of, the insured;

j. Making claims payments to insured or beneficiaries not accompanied by [a] statement setting forth the coverage under which the payments are being made;

k. Making known to insureds or claimants a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration;

l. Delaying the investigation or payment of claims by requiring an insured claimant, or the physician, of [or] either, to submit a preliminary claim report and then requiring the subsequent submission of formal proof-of-loss forms, both of which submissions contain substantially the same information;

8

m. Failing to promptly settle claims where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; and

n. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

40. These acts and omissions by defendants are unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1 and are in and affecting commerce within the State of North Carolina.

41. As a direct and proximate result of Defendant's actions as generally described herein, Plaintiff has been damaged in amount in excess of Seven Hundred Twenty-Seven Thousand Four Hundred Ninety-Two and 40/100 Dollars ($727,492.40), the precise amount to be proven at the trial of this matter, including without limitation, loss in value, incidental and consequential damages, reasonable attorneys' fees, punitive damages, and other such special and exemplary damages, which are subject to being trebled under N.C. Gen. Stat. § 75-16.

## FOR A FOURTH CAUSE OF ACTION
(Punitive Damages)

42. Plaintiff hereby realleges and incorporates by reference all prior allegations set forth in this Complaint.

43. As alleged herein, Plaintiff is entitled to compensatory damages from Defendant.

44. Defendant's actions as generally described and set forth herein were fraudulent, willful and wanton and/or made with reckless disregard for Plaintiff's rights, interests and/or property.

45. As a result of actions by the Defendant as generally described herein, Plaintiff is entitled to recover punitive damages from Defendant in such an amount as shall be established at trial.

**WHEREFORE**, Plaintiff, prays for the following relief:

1. For judgment against the Defendant under the claims as aforesaid, to include actual, consequential, special, punitive and treble damages in an amount in excess of Seven Hundred Twenty-Seven Thousand Four Hundred Ninety-Two and 40/100 Dollars ($727,492.40);
2. For interest, attorney's fees and reasonable costs;
3. For a trial by jury on all issues so triable; and
4. For such other and further relief the Court deems just and proper.

Respectfully submitted this 31st day of March, 2023.

HOLDER, PADGETT, LITTLEJOHN + PRICKETT, LLC

s/
Raford W. Bussey, Jr. (NC Bar #55992)
P.O. Box 1804
Greenville, SC 29602
(864) 335-8808
(864) 248-4090 (fax)
rbussey@hplplaw.com
*Attorney for Plaintiff*