IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PRESQUE ISLE VILLAS CONDOMINIUM ASSOCIATION, INC., | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:23-CV-710 |
| QBE INSURANCE CORPORATION | ) ) ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on the defendant-insurance company's motion to dismiss the breach of contract claim based on the statute of limitations. The motion will be denied.

On April 10, 2023, the plaintiff-insured commenced a civil action against the defendant in state court based on the defendant's refusal to pay anything close to the value of plaintiff's claim under the insurance policy for property damage allegedly resulting from wind and hail damage on July 5, 2020. Doc. The original summons, Doc. 1-8, was signed by counsel and not signed by the clerk, assistant clerk, or deputy clerk of court as required by N.C.R.Civ.P. 4(b), making it invalid. *In re K.J.L.*, 363 N.C. 343, 345 (2009).

When service has not been timely obtained, state law allows a plaintiff to obtain an alias and pluries summons. "Such alias or pluries summons may be sued out at any time within 90 days after the date of issue of the last preceding summons in the chain of

summonses or within 90 days of the last prior endorsement." N.C.R.Civ.P. 4(d). On July 5, 2023, the plaintiff obtained such as summons, well within the 90 days in which Rule 4(d)(2) allows it to be issued. Doc. 1-3. This summons was signed by an appropriate official. Doc. 1-3.

The defendant says that service on the defendant was obtained on July 21, 2023. Doc. 30 at 3 ¶ 10.[1] The defendant then removed the case to this court, Doc. 1, and filed an answer. Doc. 7. The defendant has not challenged personal jurisdiction.

The defendant now moves to dismiss only the breach of contract claim based on the three-year statute of limitations, contending that because the original summons was invalid, the 90-day grace period in Rule 4(d) does not apply and that the second summons does not relate back to the date of the original summons. *See* Doc. 30 at 6-7.

Even if that is so, the July 5 summons was issued within the three-year statute of limitations. Rule 4(c) gives a plaintiff 60 days to obtain service from issuance of the summons, and that easily happened here, using the defendant's date of service.

The defendant says in its reply brief that the July 5 summons is invalid for reasons it did not raise in its original brief. This approach deprives the plaintiff of the opportunity to respond, and a "party waives an argument by raising it for the first time in its reply brief." *Clendening v. United States*, 19 F.4th 421, 431 n. 7 (4th Cir. 2021). In any event, all of the cases the defendant cites are distinguishable, since they involve cases where no

---

[1] The defendant makes reference to "Defendant's Exhibit 3" as showing this service, but there are no exhibits attached to either the motion, Doc. 28, or the brief in support. Doc. 30. In any event, the defendant does not challenge the Court's personal jurisdiction. Doc. 39 at 3.

2

complaint was filed with the initial summons or where no summons or complaint was filed at all. Moreover, the defendant's reading of the rules and statues is the equivalent of a requirement to stand on one foot while touching a finger to the nose and reciting the alphabet backwards: it can be done, but there is no reason for it. Nothing in the North Carolina rules explicitly requires a plaintiff to refile the exact same complaint already on the docket merely because there was a problem with the original summons, and the defendant cites no North Carolina case on similar facts that so holds.

It is **ORDERED** that the defendant's motion to dismiss the plaintiff's breach of contract claim, Doc. 28, is **DENIED**.

This the 30th day of September, 2024.

_____
UNITED STATES DISTRICT JUDGE